

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

March 27, 1961

Honorable Joe Resweber
County Attorney
Harris County Courthouse
Houston 2, Texas

Opinion No. WW-1026

Re: Is it mandatory that
"watchers" of elections
in counties using vot-
ing machines be qualified
voters of the election
precinct in which they
are named to serve?

Dear Mr. Resweber:

You have requested an opinion of this office as to
whether it is mandatory that "watchers" of elections in
counties using voting machines be qualified voters of the
election precinct in which they are named to serve.

Section 24 of Article 7.14 of the V.A.T.S. Election
Code, providing for voting machines reads, in part, as
follows:

". . . But each political party concerned in
an election is entitled to name one watcher
for each voting precinct where voting machines
are used, said watcher to be recognized by the
presiding officer of that precinct upon the
presentation of a certificate signed by the
County Chairman of that political party, and
any candidate for a State office, the State
Senate, any candidate for Representative in
the House of the Legislature of Texas, or any
candidate for District Judge, or any one-fifth
(1/5) of the candidates for any county offices,
or any one-fifth (1/5) of the candidates for
precinct offices; or any candidate for mayor,
or any candidate for city commissioner in
municipalities, or any three (3) candidates in
a school election, or the proponents or the
opponents of a bond issue, may name one watcher
for each precinct in an election or primary
election for each precinct where voting machines

are used. Any candidate for the United States Senate or Representative in the House of the United States Congress may name one watcher for each election precinct where a voting machine is used. The candidate desiring representation by a watcher shall sign a certificate setting out the name of the person, the number of the precinct where such watcher is to serve, such certificate to bear the signature of the candidate or candidates entitled to representation, together with the signature of the bearer. The presiding officer of the election must require a countersignature and preserve the certificate of the bearer to make certain he is the identical person referred to in the certificate but cannot for any other reason refuse to permit such watcher to serve. For their services election officials and employees shall be paid a sum to be set by the authority charged with holding the election or primary election, but not less than the amount set now by law and not more than Ten Dollars ($10) per day, provided, however that no election official shall be paid more than the pro-rata part of two (2) hours overtime after the polls are closed. Watchers, a necessary adjunct to an election with voting machines, may be paid by the interest they represent, but not to exceed Ten Dollars ($10) per day, provided, however, that the authority holding such election shall not pay for the services of such watchers."

Section 25 of Article 7.14 of the V.A.T.S. Election Code reads, in part, as follows:

". . . The provisions of this Act shall apply only in counties in which such voting machine is adopted for use at elections.

". . .

"The term 'watcher' is similar to supervisor in meaning but he is an official of the election in this Act. Acts 1951, 52nd Leg., p. 1097, ch. 492, art. 79."

First, we would like to state that we believe the provisions of Section 24, Article 7.14, relating to "watchers" and their qualifications in counties using voting machines

are crystal clear and there is no requirement that the "watchers" in counties where voting machines are used be qualified voters of the election precinct in which they are named to serve. The general rule of construction is that a statute that is plain and unambiguous, if construed at all, will be interpreted literally. Exceptions, exemptions or limitations may not ordinarily be read into a statute, nor may conditions, restrictions or requirements, be read out of it. And where a literal construction of a provision does not bring it into conflict with any other part of the Act, it will be given the meaning which its reading imports. 39 Tex. Jur. 180, Statutes, Sec. 95.

However, the basic question involved in the answer to your question is whether it was the intent of the Legislature to require "watchers" of elections in counties using voting machines to have the same qualifications as supervisors in elections where voting machines are not used.

In determining the intent of the Legislature, we think it is important to study the history of Section 24 of Article 7.14 of the Texas Election Code. The original laws pertaining to voting machines were enacted by the Forty-first Legislature, Fourth Called Session, 1930, Chapter 33, Page 50. The pertinent provisions of Section 24 regarding "watchers" in counties using voting machines read in the original enactment the same as they read today. In 1937, the Legislature amended certain parts of the statutes on voting machines but the provisions of Section 24 which are here under consideration remained the same although other provisions of those sections were amended by the Acts of the Forty-fifth Legislature, Second Called Session, 1937, Chapter 52, Page 1953. In 1945, certain provisions of Section 24 were amended but again the Legislature failed to amend the provisions of Section 24 pertaining to "watchers" that we are here considering. (Acts of the 49th Leg., 1945, ch. 280, p. 446).

It can readily be seen by comparing the wording of the original statute and the two amended statutes with the present Section 24, quoted earlier in this opinion, that there was absolutely no change in the wording of the provisions concerning "watchers" in counties where voting machines are used. If it had been the intent of the Legislature to set up additional qualifications or disqualifications for "watchers" in counties using voting machines, we think the Legislature would have acted, particularly when other provisions of the same section were under consideration and re-study.

As stated in paragraph 2, Section 25, Article 7.14, quoted above, the Articles relating to voting machines are special statutes, the provisions of which are to apply only in counties in which voting machines are adopted for use at elections.  There is another firmly established principle of statutory construction that where an enactment contains a specific provision which is at variance with a general provision, the specific provision is treated as an exception to the general and controls the subject matter which comes within its terms.  City of Austin v. Cahill, 99 Tex. 172, 88 S.W. 542 (1905); Gabbert v. City of Brownwood, 176 S.W.2d 344 (Civ.App. 1943, error ref.).  It, therefore, follows that the specific provisions of Section 24 of Article 7.14 relating to "watchers" in counties where voting machines are used controls over the general statutes relating to supervisors in counties where voting machines are not used.

As set out in Section 24, Article 7.14, the only requirement that "watchers" in counties where voting machines are used must meet is the requirement that a certificate, properly prepared as set out by Section 24, Article 7.14, be presented to the presiding officer of the election in the precinct where the "watcher" is to serve and where voting machines are used.  There is no provision in this Article, either by implication or otherwise, that the "watchers" be qualified voters in the precinct in which they are named to serve.  Therefore, it is the opinion of this department that "watchers" of elections in counties using voting machines are not required to be qualified voters of the election precinct in which they are named to serve.

## S U M M A R Y

In counties where voting machines are used, the provisions of Section 24, Article 7.14 of the V.A.T.S. Election Code relating to "watchers" control. Therefore, "watchers" of elections in counties using voting machines are not required to be qualified voters of the

election precinct in which they are
named to serve, there being no such
qualification in the law.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Iola Barron Wilcox
Iola Barron Wilcox
Assistant

IBW:mm

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

W. Ray Scruggs
Raymond V. Loftin, Jr.
John Reeves
William E. Allen

REVIEWED FOR THE ATTORNEY GENERAL

BY: Morgan Nesbitt